OLIVER, PLAINTIFF, *v.* DAYTON (CITY), DEFENDANT.

Common Pleas Court, Montgomery County.

No. 121082.   Decided February 9, 1963.

*Mr. John Shanks*, for plaintiff.

*Messrs. Curtner, Brenton & Selva, Mr. Herbert S. Beane*, for defendant.

MARTIN, J.   This cause comes before the Court on the demurrer of the defendant to plaintiff's petition, for the reasons, first, that the Court has no jurisdiction of the subject of the action; second, has no jurisdiction of the person of this defendant; and third, that the action was not brought within the time limited for the commencement of such action.

Plaintiff's petition, filed August 1, 1962, alleges that on August 4, 1961, he filed a petition in this Court under Case No. 119394, based upon the same subject matter as involved herein, which petition was returned served on the defendant, City of Dayton, on August 7, 1961.  That upon the motion of defendant, the Court ordered the service of summons and the return of the sheriff thereon be stricken from the files by entry dated October 20, 1961.  That plaintiff thereafter issued an alias summons on October 25, 1961, which alias summons was returned served by the sheriff on October 26, 1961, and that defendant, on November 25, 1961, filed a motion to quash service of the alias summons

and the sheriff's return which motion was sustained by the Court December 29, 1961.

The subject of the action in both cases was damages allegedly sustained by plaintiff as a result of a collision between his automobile and one of defendant's trucks on Herman Avenue, Dayton, Ohio, on August 7, 1959.

It is necessary for the Court to carefully examine the entire record of Case No. 119394. In passing upon the subject matter of defendant's demurrer, the Court will treat the demurrer both as a motion to dismiss and a demurrer.

Examination of plaintiff's petition in Case No. 119394 discloses that the same was filed on August 4, 1961, three days prior to the termination of the two-year limitation period within which plaintiff was required to commence his action. That the Clerk was required by the praecipe attached to plaintiff's petition to issue summons, together with a copy of the petition, to the Sheriff of Montgomery County, Ohio, returnable according to law, in which the Sheriff was required to "serve the City of Dayton by serving Oscar Mauch, Clerk of the City Commission, Municipal Building of Dayton, Ohio, Endorse Summons: 'Action for money only amount claimed Twenty-Five Thousand Nine Hundred and Eighteen Dollars and Seventy-Five Cents ($25,918.75) and costs.' " That pursuant to such praecipe the Clerk prepared and issued the summons to the Sheriff stating, "You are commanded to notify THE CITY OF DAYTON by serving personally Oscar Mauch, Clerk of City Commission Municipal Building of Dayton, Ohio." The Sheriff made the following return: "Received this writ on the 5 day of Aug A. D. 1961 and on the 7 day of Aug 1961, I served the same by handing a true copy thereof with the endorsement thereon, to said The City of Dayton by Serving Oscar Mauch, Clerk of City Commission." That on October 7 defendant, appearing specially, moved to quash the service of summons and to strike the return from the files for the reasons, first, that no attempt was made to serve the mayor or acting mayor, or ascertain that either were absent from the bailiwick; and second, that Oscar Mauch, Clerk of the City Commission, was not personally served on August 7, 1961, contrary to the Sheriff's return, as he was not in his office in the Municipal Building on that date, which facts are established by his affidavit, to which was also

attached a certified copy of the city charter setting forth in Section 36 the powers, functions, duties and status of the mayor, which section states, among other things, that:

"* * *. He shall be recognized as the official head of the city by the courts for the purposes of serving civil processes, * * *,"

This motion of defendant to quash was sustained by the Court by entry of October 20, 1961, on both grounds urged by defendant.

That thereafter, on October 25, 1961, plaintiff requested the Clerk by praecipe to issue an alias summons to the Sheriff of Montgomery County in which summons the following appeared: "You are commanded to notify City of Dayton, Ohio BY SERVING the Mayor, William R. Patterson, OR Oscar F. Mauch, Clerk of the City Commission, Or other chief officer; or if one of its chief officers is not found in the County, SERVE the cashier, treasurer, secretary, clerk, or managing agent; or if none of such officers can be found, LEAVE A copy at the office or usual place of business with the person having charge thereof in Municipal Building, Dayton, Ohio TOGETHER WITH COPY OF PETITION." That the Sheriff made the following return: "Received this writ on the 25 day of Oct A. D. 1961 and on the 25 day of Oct 1961, I served the same by handing a true copy thereof with the endorsement thereon, to said The City of Dayton, Ohio by serving Oscar F. Mauch Clerk of the City Commission."

That on November 25, 1961 defendant, appearing specially, moved to quash the service of alias summons and the return of the Sheriff thereon, on the grounds first, that the action was not commenced within two years, as provided by law; second, that the Court has no jurisdiction, and third, that the service of the alias summons was not made as provided by law. Such motion was sustained by Court order on January 6, 1962 on all three grounds.

That thereafter, on August 1, 1962, plaintiff filed a petition in the instant case, in which he made the general reference hereinabove delineated to the procedure in Case No. 119394, more specifically hereinbefore set forth.

Plaintiff's petition filed August 1, 1962, was filed on the theory that plaintiff had failed in Case No. 119394 otherwise

than on the merits, and that plaintiff consequently had a right to refile the same cause of action within one year after such failure, under the provisions of Section 2305.19, Revised Code.

It is clear that the service originally made in this case on August 7, 1961 should have been in conformity with the requirements of Section 36 of the Charter of the City of Dayton, the relevant provisions of which have been heretofore quoted, and likewise in conformity with the pertinent provisions of Section 2703.10, Revised Code, which read as follows:

"A summons against a corporation may be served upon the president, mayor, chairman, or president of the board of directors or trustees, or other chief officer; or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or if none of such officers can be found, by a copy left at the office or usual place of business of the corporation with the person having charge thereof."

Construing said two sections together, it is clear that service of summons should first have been made or attempted to be made upon the mayor or other chief officer of the City of Dayton, and that if its chief officer was not found in the county, then upon the persons occupying the positions or performing the duties of those named in the order appearing in Section 2703.10, Revised Code.

Since the right to commence a new action within one year after failure otherwise than on the merits under Section 2305.19, Revised Code, is predicated on an action theretofore commenced or attempted to be commenced, it follows that the provisions of Section 2305.17, Revised Code, defining the commencement of an action and an attempt to commence an action must be consulted in determining whether or not a person has a right to file a new action within one year.

Section 2305.17, Revised Code, provides as follows:

"An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, * * * Revised Code, as to each defendant, at the date of the summons which is served on him * * *. Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

The word "diligently" ("diligent"), is defined by Web-

ster's New International Dictionary as meaning "to prosecute with careful attention and effort." In light of this definition, did plaintiff diligently endeavor to procure service on the defendant through the praecipe and summons issued to the Sheriff and the Sheriff's attempted service thereof on defendant?

Examination of the praecipe and the summons issued to the Sheriff commanding him to notify the City of Dayton by serving personally Oscar Mauch, Clerk of the City Commission, Municipal Building, Dayton, Ohio, reveals that it fell short of the statutory requirements of service set forth in Section 2703.10, Revised Code, and Section 36 of the Charter of the City of Dayton, as no direction was given to the Sheriff, and no effort was made by his deputy, to first serve the mayor of the defendant municipal corporation, or, if not found in the county, its other chief officer (president pro tem, or acting mayor, Section 36, City Charter), or if its chief officer is not found in the county, then upon its cashier, treasurer, secretary, clerk or managing agent.

Consequently, it cannot be said that plaintiff diligently endeavored to procure service, as the summons was not properly issued or served upon the City of Dayton by first personally serving Oscar Mauch, Clerk of the City Commission. Had Oscar Mauch been personally served, which he was not, the service still would not have been good, as there is nothing in the return to indicate that the Deputy Sheriff made an effort to find the mayor or other chief officer, and that the Mayor or other chief officer could not be found in the County.

The later alias summons issued October 25, 1961 was well beyond the sixty-day period within which an attempt to commence an action could have ripened into its commencement under the provisions of Section 2305.17, Revised Code, and consequently the Court had no recourse other than to quash such service and dismiss Case No. 119394.

It follows that the action in Case No. 119395 was neither commenced nor attempted to be commenced within the meaning of Sections 2305.17 and 2305.19, Revised Code, so as to bring the plaintiff within the category of those persons failing otherwise than upon the merits, and who are permitted to commence a new action within one year after such failure.

Under such circumstances, we are of the opinion that defendant's demurrer should be sustained, both as a demurrer to plaintiff's action, and as a motion to dismiss such action, for the reason that Case No. 119395 was not commenced or attempted to be commenced within the time limited for the commencement of such action, and that the plaintiff, consequently, has failed to alleged or show that he failed in case No. 119395 otherwise than on the merits. It follows that this Court has no jurisdiction over the subject matter or the person of the defendant.

An entry should be drawn accordingly.